COGAN, District Judge.
Plaintiff, an immigrant with asylee status, seeks a writ of mandamus under 28 U.S.C. § 1361, or a declaration and injunction under the Administrative Procedure Act (APA), 5 U.S.C. § 706(a), compelling defendants, who are officials of the immigration authorities, to adjudicate his own application for an adjustment of his immigration status to permanent resident and his wife's and daughter's derivative applications for asylee status. Before me is defendants' motion to dismiss. Plaintiff has no legal right to relief and, on the facts before me, the delay may be explained at least in part by the serious questions of fraud surrounding his asylee status, which the authorities are presently pursuing. Defendants' motion is therefore granted.
BACKGROUND
The complaint recites that plaintiff was granted asylee status on November 4, 2013. He then immediately filed a I-730 refugee asylee petition on behalf of his wife, and later, one on behalf of his daughter. Plaintiff and his wife had their fingerprints taken in connection with their respective applications.
Just over one year after filing his application, on November 14, 2014, plaintiff filed an I-485 application to adjust his status to permanent resident. Plaintiff has filed all of the required documents on behalf of himself, his wife, and his daughter for their respective applications.
The Government's review of plaintiff's immigration file shows additional facts, however, to which the complaint does not refer. Specifically, the lawyer who prepared plaintiff's original asylum application, and a paralegal in his office, have been convicted of federal immigration fraud charges. The United States Customs and Immigrations Service concluded that plaintiff obtained asylum through the fraudulent conduct of his lawyer. As a result, approximately two weeks ago, Immigrations and Customs Enforcement (ICE) moved the Immigration Court to reopen plaintiff's removal proceedings and terminate his asylee status. ICE has requested that the immigration judge schedule an evidentiary hearing; that request is pending.
*568 DISCUSSION
The strict requirements for mandamus relief are well established. They are: "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available." Anderson v. Bowen, 881 F.2d 1, 5 (2d Cir. 1989) (citation and internal quotation marks omitted).
The APA, in turn, provides that "within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). It further provides that courts shall "compel agency action unlawfully withheld or unreasonably delayed." Id. § 706(1). Such a claim "can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take ." Norton v. S. Utah Wilderness All., 542 U.S. 55, 64, 124 S.Ct. 2373, 159 L.Ed.2d 137 (2004). To determine whether an agency's adjudication delay is reasonable under the APA, courts regularly apply the six factors set forth in Telecommunications Research & Action Center v. FCC, 750 F.2d 70 (D.C. Cir. 1984) (the " TRAC factors"). They are:
(1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable ... in the enabling statute ... [it] may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) ... the effect of expediting delayed action on agency activities of a higher or competing priority; (5) ... the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.
Families for Freedom v. Napolitano, 628 F.Supp.2d 535, 540 (S.D.N.Y. 2009) (quoting id. at 80 ).
In applying the "competing priority" TRAC factor, the D.C. Circuit has held that it is appropriate to "refuse[ ] to grant relief, even though all the other factors considered in TRAC favor[ ] it, where a judicial order putting the petitioner at the head of the queue would simply move all others back one space and produce no net gain." Mashpee Wampanoag Tribal Council, Inc. v. Norton, 336 F.3d 1094, 1100 (D.C. Cir. 2003) (quoting In re Barr Labs., Inc., 930 F.2d 72, 75 (D.C. Cir. 1991) ) (internal quotation marks omitted), rev'g, 180 F.Supp.2d 130 (D. D.C. 2001). The Court in Mashpee noted that there was "no evidence the agency had treated the petitioner differently from anyone else, or that officials not working on [the petitioner]'s matters were just twiddling their thumbs." Id. at 1100-01 (same). The Court approvingly noted that the district court recognized this concern when it found that "[n]ot only must [the agency] juggle competing duties ... but the injury claimed by [the plaintiff] is applicable to all groups petitioning for [the same relief]." Id. at 1101 (quoting, 180 F.Supp.2d at 136 (D.D.C. 2001) ).
Putting aside for the moment the overlay of fraud that covers this case, the mere delay of less than four years is an inadequate ground to grant either mandamus or APA relief. Numerous cases have so concluded, including some from this Court. See Hoo Loo v. Ridge, No. 04-CV-5553, 2007 WL 813000, at *4 (E.D.N.Y. Mar. 14, 2007) ; Espin v. Gantner, 381 F.Supp.2d 261, 266 (S.D.N.Y. 2005) ; Saleh v. Ridge, 367 F.Supp.2d 508, 513 (S.D.N.Y. 2005). Defendants have cited them, and plaintiff has cited nothing to the contrary. In addition, as I have noted elsewhere, see *569 Pesantez v. Johnson, No. 15-CV-1155, 2015 WL 5475655, at *4 (E.D.N.Y. Sept. 17, 2015), the competing-priority issue is weighty. There are many other applicants who have waited even longer than plaintiff; to grant him priority is to push them further back in line when the only difference between them is that plaintiff has brought a federal lawsuit. That factor should not give him any advantage.
But there is much more going on here. ICE has specifically accused plaintiff of fraud, or at least of being a beneficiary of fraud, and is seeking to place him back in removal proceedings. As plaintiff himself acknowledges, it is fundamental that this Court has no jurisdiction to compel action in immigration cases while the plaintiff is in removal proceedings. See 8 U.S.C. § 1252(g). Although this Court has not yet been divested of jurisdiction over this case, that looming possibility cautions this Court against intruding on the application process.
Plaintiff's opposition to defendants' motion gets things precisely backwards. He asserts that
[s]ince an immigration judge's decision has a direct impact on the three petitions and an immigration judge has not ruled yet, it is the plaintiff's position that it is pre-mature to dismiss the Mandamus action now and that the Mandamus action should be continued until an immigration judge's decision has been made.
To the contrary, all this shows is that the present case is premature. Plaintiff is not entitled to any relief based on the amount of time that has elapsed since his applications became complete, and the pending fraud motions explain why these applications may take more time than the usual case.
CONCLUSION
Defendants' motion to dismiss is granted. The Clerk is directed to enter judgment dismissing the complaint.
SO ORDERED.